Robert E.L. Bonaparte, OSB No. 883411
Email: bob@bb-law.net
Stephen D. Leggatt, OSB No. 036013
Email: stephen@bonaparte-leggatt.com
Bonaparte & Leggatt, LLC
One SW Columbia, Suite 460
Portland, OR 97204
Telephone: (503) 242-0005
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| DAVID CHEN and RUKAIYAH ADAMS, | ) | Case No. 3:25-cv-1002 |
| Plaintiffs, | ) ) ) | **COMPLAINT** |
| v. | ) ) | (Breach of Insurance Contract; Negligence Per Se) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | JURY TRIAL REQUESTED |
| Defendant. | ) ) | |

**NATURE OF ACTION**

1.

This is an action by David Chen and Rukaiyah Adams (hereinafter "plaintiffs") against

their insurer, State Farm Fire and Casualty Company ("defendant"), to recover on a loss incurred

Page 1 – COMPLAINT

by plaintiffs. Although the insurance policy issued to plaintiffs by defendant provides coverage, defendant has failed and refused to provide indemnity owed under the policy.

## THE PARTIES

2.

Plaintiffs David Chen and Rukaiyah Adams ("plaintiffs") are, and at all times mentioned herein were, Oregon residents who owned and occupied property located in Portland, Oregon (the "property").

3.

Defendant State Farm Fire and Casualty Company is, and at all times mentioned herein was, a foreign corporation doing business in Oregon.

## JURISDICTION AND VENUE

4.

Jurisdiction is proper in this Court under 28 U.S.C. § 1332 based on diversity of citizenship. The amount in controversy, exclusive of interest or costs, exceeds the sum specified in 28 U.S.C. § 1332. This Court has personal jurisdiction over Defendant as it transacted insurance in Oregon within the meaning of the Oregon Insurance Code, O.R.S. 731.146 *et. seq*.

5.

Venue is proper pursuant to 28 U.S.C. § 1391(a).

## FIRST CLAIM FOR RELIEF
## COUNT 1
## (Breach of Insurance Contract)

6.

Defendant issued an insurance policy (the "policy") to plaintiffs. The policy was issued for valuable consideration in the form of policy premiums, which were paid by plaintiffs.

7.

Pursuant to the policy, defendant insured plaintiffs' home and agreed to pay for accidental physical losses.

8.

While the policy was in force, on January 13, 2024, plaintiffs suffered an accidental physical loss.

9.

Plaintiffs' loss falls within the coverage of defendant's policy. Pursuant to the terms of the policy, plaintiffs sought payment from defendant for all damages caused by the loss. Defendant improperly limited the claim and has refused to pay all of plaintiffs' covered loss.

10.

Defendant's denial and refusal to pay all of plaintiffs' damages constitutes a breach of the insurance contract.

11.

As a result of defendant's breach of contract, plaintiffs have been damaged in the amount of $250,000.

12.

Plaintiffs are entitled to attorney fees under O.R.S. 742.061.

## COUNT 2
### (Implied Covenant)

13.

Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-12.

///

14.

Defendant failed to make payment, refused to make payment, and delayed payment for accidental physical losses in violation of the policy of insurance, thus causing damages to plaintiffs.

15.

Defendant violated the implied covenant of good faith and fair dealing by failing to investigate the loss, adjust the claim, and pay plaintiffs the amounts owing under the policy, causing damages to plaintiffs as follows:

    a. On January 13, 2024, plaintiffs' home was damaged by an accidental loss.

    b. Plaintiffs promptly reported the loss and provided proper proof of loss.

    c. Defendant has repudiated its obligations under the contract.

    d. Plaintiffs have supplied all information and documentation requested by defendant.

16.

It was foreseeable to defendant that if it breached its obligations under the insurance policy, plaintiffs would suffer damages.

17.

As a result of the breach of contract by defendant, plaintiffs have suffered damages as set forth in paragraph 11.

**SECOND CLAIM FOR RELIEF**
**(Negligence Per Se)**

18.

The allegations in paragraphs 1-17 are incorporated herein by reference.

19.

Because defendant is a corporation that sells insurance and provides insurance coverage to Oregon consumers, the Oregon Legislature through O.R.S. 746.230 requires defendant to adhere to a specified standard of care in the performance of its insurance contracts independent of, in addition to, and outside of the terms of the insurance contract.

20.

Defendant failed to comply with its obligations under O.R.S. 746.230 in its review, investigation, and eventual decision to deny insurance benefits following the accidental loss suffered by plaintiffs in one or more of the following ways:

a. By refusing to pay the full insurance benefits without conducting a reasonable investigation based on all available information, in violation of O.R.S. 746.230(1)(d);

b. By failing to affirm or deny coverage of claims within a reasonable time after proof of loss, in violation of O.R.S. 746.230(1)(e);

c. By not attempting, in good faith, to promptly and equitably settle a claim in which the insurer's liability has become reasonably clear, in violation of O.R.S. 746.230(1)(f);

d. By compelling plaintiffs to initiate this litigation to recover amounts due by offering substantially less than the amount of the covered loss pled as damages in this action, in violation of O.R.S. 746.230(1)(g); and

e. By attempting to settle claims for less than the amount to which a reasonable person would believe a reasonable person was entitled after referring to written or

printed advertising material accompanying or made part of an application, in violation of O.R.S. 746.230(1)(h).

21.

Defendant's failure to comply with its obligations under O.R.S. 746.230(1) was at minimum negligent, and on information and belief constituted a series of intentional acts defendant undertook either with full knowledge of the highly unreasonable risk that those acts would cause severe harm to plaintiffs or else recklessly and outrageously as to that highly unreasonable risk of severe harm. Moreover, on information and belief, defendant's violation of its obligations under O.R.S. 746.230(1) in connection with plaintiffs' insurance claim is part of a widespread pattern in which, in connection with other Oregon policyholders' insurance claims, defendant has repeatedly and regularly engaged in claims-handling practices prohibited under the statute despite its actual knowledge that such conduct would violate the statutory standard of care defendant owed to all of its Oregon policyholders.

22.

Defendant's failure to comply with its obligations under O.R.S. 746.230(1) caused plaintiffs to suffer economic damages beyond the economic loss of the value of the contractual benefits defendant was obligated to provide under the insurance policy in an amount to be determined.

///
///
///

23.

Defendant's failure to comply with its obligations under O.R.S. 746.230(1) caused plaintiffs to suffer emotional distress. Plaintiffs' damages for emotional distress are in the amount of $250,000 per plaintiff.

24.

Defendant knew, or, in the exercise of reasonable care as a corporation engaged in the business of marketing and selling insurance, should have known, that one or more of its foregoing acts or omissions would create a highly unreasonable risk of harm to plaintiffs. In committing those acts and/or omissions, defendant either intentionally disregarded the duty of care it owed to plaintiffs under O.R.S. 746.230(1)(d)-(h) or was, at minimum, recklessly and outrageously indifferent to the risk that plaintiffs would suffer severe harm in consequence of defendant's violation of its statutory duties of care. Plaintiffs are entitled to punitive damages in the amount of $2,500,000.

///

///

///

WHEREFORE, plaintiffs pray for relief from defendant as follows:

a. On the FIRST CLAIM FOR RELIEF:  For damages in the amount of $250,000;

b. On the SECOND CLAIM FOR RELIEF:

   i. For noneconomic damages in the amount of $500,000;

   ii. For economic damages in an amount to be determined;

   iii. For punitive damages in the amount of $2,500,000.

c. For prejudgment interest at the legal rate from January 13, 2024;

d. For plaintiffs' attorney fees, costs and disbursements herein; and

e. For such other relief as the court deems just and proper.


DATED this ___ day of June, 2025.

          BONAPARTE & LEGGATT, LLC

          By: /s/ *Robert E.L. Bonaparte*
             Robert E.L. Bonaparte, OSB #883411
             Email: bob@bb-law.net
             Stephen D. Leggatt, OSB #036013
             Email: stephen@bb-law.net
             *Of Attorneys for Plaintiffs*